1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**

\* \* \* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE WESTERN GLAZIERS RETIREMENT TRUST FUND; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; TRUSTEES OF THE WASHINGTON CONSTRUCTION INDUSTRY SUBSTANCE ABUSE PROGRAM; TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES- LABOR MANAGEMENT COOPERATION INITIATIVE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5, | CASE NO.: 2:19-cv-1924<br><br>**COMPLAINT** |

Plaintiffs,

vs.

ALASKA GLAZING, INC., an Alaska corporation, d/b/a FAÇADE TECH; MICHAEL E. MERRILL, an individual; HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; DOES & ROES I-X,

Defendants.

The Plaintiffs, BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST;

BOARD OF TRUSTEES OF THE WESTERN GLAZIERS RETIREMENT TRUST FUND;

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

1  BOARD OF TRUSTEES OF THE DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND

2  TRAINING TRUST FUND; TRUSTEES OF THE WASHINGTON CONSTRUCTION

3  INDUSTRY SUBSTANCE ABUSE PROGRAM; TRUSTEES OF THE INTERNATIONAL

4  PAINTERS AND ALLIED TRADES-LABOR MANAGEMENT COOPERATION

5  INITIATIVE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES

6  DISTRICT COUNCIL NO. 5 (collectively "Plaintiffs"), by and through their counsel,

7  Christensen James & Martin and The Urban Law Firm, complain and allege as follows:

8  ### JURISDICTION AND VENUE

9      1.      This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the

10  Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §

11  1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions

12  brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress

13  violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such

14  jurisdiction exists without respect to the amount in controversy or the citizenship of the parties,

15  as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

16      2.      This court has jurisdiction of this case pursuant to Section 301(a) of the Labor

17  Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants

18  the United States District Courts original jurisdiction over suits for violation of contracts between

19  an employer and labor organization in an industry affecting commerce, without respect to the

20  amount in controversy or the citizenship of the parties.

21      3.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C.

22  § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial

23  District in which the Trusts are administered, the signatory labor organization maintains its office,

24  where the relevant acts took place, and where the contractual obligation is to be paid.

25

COMPLAINT
Case No.

Page 2

Christensen James & Martin
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
The Urban Law Firm
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
Counsel for the Plaintiffs

1        4.       To the extent this Complaint sets forth any state law claims, this Court has

2    supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

3                          **PARTIES AND GENERAL ALLEGATIONS**

4        5.       The EMPLOYEE PAINTERS' TRUST, WESTERN GLAZIERS RETIREMENT

5    TRUST FUND; DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST

6    FUND; WASHINGTON CONSTRUCTION INDUSTRY SUBSTANCE ABUSE PROGRAM;

7    INTERNATIONAL     UNION     OF     PAINTERS     AND     ALLIED     TRADES-     LABOR

8    MANAGEMENT COOPERATION INITIATIVE; are express trusts created pursuant to formal

9    written declarations of trust ("Trust Agreements") between various unions, including the

10   International Union of Painters and Allied Trades District Council No. 5 and its associated Locals

11   ("Union"), and various multiemployer associations.

12       6.       The Trusts exist for the specific purpose of providing employee benefits to

13   participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension

14   plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA,

15   29 U.S.C. § 1002.

16       7.       The Board of Trustees and the individual Trustees of each of the Trust Funds is a

17   "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary,"

18   within the meaning of 29 U.S.C. §§1102(a), 1002(16) and (21), with respect to collection of

19   contributions due to the Trust Funds and related matters.

20       8.       These Trusts were created and now exist pursuant to Section 302(c) of the LMRA,

21   29 U.S.C. § 186(c), and are administered in Seattle, Washington.

22       9.       At all times material herein, the Union has been a labor organization representing

23   employees in the construction industry in Washington, Oregon, Alaska, Utah and Northern Idaho.

24   The Union represents employees in an industry affecting commerce within the meaning of Section

25   301(a) of the LMRA, 29 U.S.C. § 185(a).

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

10. Defendant ALASKA GLAZING, INC. d/b/a Façade Tech ("Alaska Glazing") is an Alaska corporation authorized and registered to do business in the State of Washington and identified by Washington UBI Number 603 603 419. Alaska Glazing holds a glazing/glass specialty Washington State Contractors License No. FACADT*837MQ.

11. Defendant MICHAEL E. MERRILL ("Merrill") is an individual residing in the State of Washington.

12. Defendant, HARTFORD FIRE INSURANCE COMPANY ("Hartford"), is a Connecticut corporation licensed to conduct business in Washington.

13. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

14. At all times material herein, Alaska Glazing has been party and signatory to two collective bargaining agreements. One is known as the IUPAT DC5/Local Union 188 Independent Commercial Glazing CBA and the other is known as the IUPAT DC5/Local Union 188 In-Shop Production Workers CBA.

15. Each of Alaska Glazing's CBAs with the Union were signed by Merrill.

16. At all times material herein, Alaska Glazing has been obligated by the terms of the CBAs to submit monthly reports to the Plaintiffs showing the hours worked by its employees performing work covered under the CBA.

17. At all times material herein, Alaska Glazing has been obligated by the terms of the CBA to properly pay to the Plaintiffs fringe benefit contributions, benefits, dues and/or

COMPLAINT
Case No.

Page 4

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
Counsel for the Plaintiffs

withholdings, on a monthly basis and at specified rates for each hour worked by or paid to the employees for covered labor performed by the employees.

18.     Alaska Glazing also agreed to be bound by the terms and provisions of each of the Trust Agreements that created the Trusts. The Trusts are named and intended third-party beneficiaries of the CBA.

19.     Alaska Glazing is an "employer" as that term is understood and defined in the CBA and is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, Alaska Glazing is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

20.     Alaska Glazing is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

21.     By signing the CBA, Alaska Glazing agreed that the terms and conditions of the CBA would be extended to all of its glass, glazing, window installation, window repair and construction employees working in those trades. Thus, coverage of the CBA is defined by job classification and type of work performed.

22.      All employees of Alaska Glazing are covered by the CBA if they perform glass, glazing, window installation, window repair and construction work, regardless of the employee's personal affiliation or non-affiliation with any union.

23.     Defendant Merrill is an owner, officer, director, and governor of Alaska Glazing.

## **FIRST CAUSE OF ACTION**

[Breach of Written Labor Agreement & Related Trust Agreements – Alaska Glazing]

24.     The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

25.     By the terms of the CBAs and related Trust Agreements, Alaska Glazing was required to remit reports and fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs for each hour of covered labor performed by their employees. These reports were to be filed monthly with the Trust Funds.

26.     Alaska Glazing is contractually delinquent because it failed to pay fringe benefit contributions for its reported covered labor.

27.     Alaska Glazing's failure to pay fringe benefit contributions is a breach of the CBA and related Trust Agreements.

28.     Pursuant to the CBA and related Trust Agreements, Alaska Glazing agreed that in the event of any delinquency, Alaska Glazing would pay, in addition to the delinquent fringe benefit contributions, benefits, dues and/or withholdings, i) interest thereon at the rates established under the applicable collective bargaining or trust agreement, or at the legal rate, whichever is greater; ii) liquidated damages thereon in an amount set by the applicable collective bargaining agreement, trust agreement, or as otherwise provided or by law; and iii) all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

29.     Alaska Glazing submitted reports to the Trust Funds for August and September 2019 work months showing hours worked by its employees but did not remit payment with those reports. Those reports remain unpaid.

30.     Alaska Glazing also submitted and paid its July 2019 work month report late to the Trust Funds, which caused Alaska Glazing to accrue liquidated damages and interest under the CBA and Trust Agreements.

31.     It has been necessary for the Plaintiffs to engage the law firms of Christensen James & Martin and The Urban Law Firm to enforce the contractual obligations owed to the Plaintiffs and collect any and all amounts due.

32.     Pursuant to the CBA and Trust Agreements, Alaska Glazing owes the Plaintiffs

COMPLAINT
Case No.

Page 6

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

fringe benefit contributions, benefits, dues and/or withholdings calculated or measured by all hours of covered labor performed by their employees, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due to the Plaintiffs to the date of judgment, liquidated damages, reasonable attorney's fees, court costs, and auditing costs incurred by the Plaintiffs as a result of the breaches described herein.

33.     The following amounts are owed by Alaska Glazing:

| | |
|---|---|
| Contributions for August and September 2019 Reports | $117,111.76 |
| Liquidated Damages and Interest for Late June and July 2019 Reports | $11,219.82 |
| **TOTAL:** | **$128,881.58** |

34.     In addition to the amounts shown in the table above, Alaska Glazing is also liable to the Trust Funds under the CBA, Trust Agreements, and 29 U.S.C. 1132(g)(2) for the Plaintiffs' attorney's fees and costs incurred, liquidated damages for the unpaid August and September reports that continue to accrue, and interest for the unpaid August and September reports that continues to accrue.

35.     Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial or through dispositive motion.

### SECOND CAUSE OF ACTION

[Violation of ERISA - Alaska Glazing]

36.     The Trusts herein restate and reallege the above allegations as if fully set forth verbatim.

37.     By failing to report and pay contributions to the Plaintiffs in accordance with the CBA and Trust Agreements, Defendants have violated ERISA [29 U.S.C. § 1145]. In accordance

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
Counsel for the Plaintiffs

1   with the terms of the Labor Agreement and Trust Agreements, and pursuant to Sections 502(g)(2)

2   and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiffs are entitled to payment of

3   all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees,

4   costs incurred in enforcing the terms of the CBA and Trust Agreements, and such other legal and

5   equitable relief as the Court deems appropriate.

6        38.    The contract breaches and violations of ERISA identified above harm the Plaintiffs

7   and place at risk the Plaintiffs' ability to provide required employee benefits to their beneficiaries.

8        39.    The Plaintiffs are entitled to all remedies provided by ERISA as and for

9   compensation for the Defendants' violations.

10   <center>**THIRD CAUSE OF ACTION**</center>

11   <center>[Breach of Written Trust Agreements – Merrill and Does & Roes]</center>

12        40.    The Trusts herein restate and reallege the above allegations as if fully set forth

13   verbatim.

14        41.    The CBA incorporates the terms of the Trust Agreements governing the Trusts.

15        42.    The Trust Agreements for Plaintiffs Employee Painters' Trust, Western Glaziers

16   Retirement Trust, and District Council No. 5 Apprenticeship and Training Trust Fund each

17   contain an express provision imposing personal liability for unpaid contributions and related

18   damages on the President, Treasurer, or other corporate officer of the employer responsible for

19   payment of contributions for an employer required to make such contributions.

20        43.    At all times material herein, Defendants Merrill and Does and Roes, as Alaska

21   Glazing's corporate officers responsible for making payment of contributions to the Plaintiffs,

22   became personally and individually bound and liable to the Employee Painters' Trust, Western

23   Glaziers Retirement Trust, and District Council No. 5 Apprenticeship and Training Trust Fund,

24   pursuant to the express terms of the Trust Agreements governing those trust funds, for the

25   contributions and related damages owed to those trust funds by Alaska Glazing.

COMPLAINT
Case No.

Page 8

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

**FOURTH CAUSE OF ACTION**

[Demand for Payment from Contractor's License Bond- Hartford Fire Insurance Company]

44. The Trusts restate and reallege the above allegations as if fully set forth herein.

45. RCW 18.27.040 requires each contractor in this state to obtain a bond upon being licensed or provide another undertaking equivalent to a bond.

46. Employees and laborers of a contractor are parties protected by the bond.

47. The protection extends not only to wages but also to employee benefits owed to employees or laborers.

48. The Trusts are entitled to payment from Alaska Glazing for the unpaid benefit contributions known for the months Alaska Glazing reported without payment and for the unknown amounts for months for which Alaska Glazing has not reported to the Trust.

49. Hartford stands in the place of Alaska Glazing and is a guarantor for the payment of fringe benefit contributions to the Trust.

50. Therefore, Hartford is liable to the Trust to the same extent as is Alaska Glazing.

51. The only limitation to Hartford's liability is that its liability may not be greater than the penal sum of the bond issued, which is Bond No. 52bsbhs1190.

52. The Trust's demand upon Hartford is for all contributions, liquidated damages, interest, and attorney's fees and costs incurred in connection with Alaska Glazing's delinquency.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order compelling Defendants to abide by the terms of the Labor Agreement;

COMPLAINT
Case No.

Page 9

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*

2.      For damages for breach of contract in an amount to be proven at trial;

3.      For unpaid fringe benefit contributions in amounts to be proven at trial;

4.      For liquidated damages in an amount to be proven at trial;

5.      For accrued interest on all unpaid contributions and damages from their due dates until paid;

6.      For the Plaintiffs' reasonable attorney's fees;

7.      For the Plaintiffs' costs of suit incurred herein;

8.      For such additional relief as may be provided for by 29 U.S.C. § 1132; and

9.      For such additional relief as this Court may deem just and proper.

DATED this 25th day of November 2019.

CHRISTENSEN JAMES & MARTIN

By:___*/s/ Wesley J. Smith*___
Wesley J. Smith, Esq.
WSBA # 51934
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045/ (702) 255-1718
F. (425) 462-5638/ (702) 255-0871
wes@cjmlv.com
*Counsel for Plaintiffs*

THE URBAN LAW FIRM

By:___*s/ Nathan R. Ring*___
Nathan R. Ring, Esq.
WSBA # 46271
720 N. 10th Street, A #389
Renton, WA 98057
P. (702) 968-8087
F. (702) 968-8088
nring@theurbanlawfirm.com
*Counsel for Plaintiffs*

COMPLAINT
Case No.

Page 10

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg. G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
nring@theurbanlawfirm.com
*Counsel for the Plaintiffs*